UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TORCH HILL INVESTMENT PARTNERS, LLC )
2000 Pennsylvania Avenue, N.W., Suite 5100 )
Washington, D.C. 20006 )
)
    *Plaintiff,* )
)
vs. )    Civil Action No. _____
)
FOX SYSTEMS, INC. )
6263 North Scottsdale Road, Suite 200 )
Scottsdale, AZ 85250 )
)
Serve:  CT Corporation, )
        Registered Agent )
        2394 E. Camelback Road, )
        Phoenix, AZ 85016 )
)
    and )
)
AFFILIATED FOX GROUP, INC. )
6263 North Scottsdale Road, Suite 200 )
Scottsdale, AZ 85250 )
)
Serve:  CT Corporation, )
        Registered Agent )
        2394 E. Camelback Road, )
        Phoenix, AZ 85016 )
)
    *Defendants.* )

## COMPLAINT

    COMES NOW, Plaintiff Torch Hill Investment Partners, LLC, by counsel, and for its Complaint against Defendants Fox Systems, Inc. and Affiliated Fox Group, Inc. alleges as follows:

### Parties

    1.    Plaintiff Torch Hill Investment Partners, LLC, ("Torch Hill") is a Virginia limited liability company, with its principal place of business located at 2000 Pennsylvania Avenue,

N.W., Suite 5100, Washington, D.C. 20006. Torch Hill is private equity firm engaged in the business of purchasing other entities.

2. Defendant Fox Systems, Inc., ("FSI"), upon information and belief, is a California corporation with its principal place of business located at 6263 North Scottsdale Road, Suite 200, Scottsdale, AZ 86250.

3. Defendant Affiliated Fox Group, Inc., ("AFGI"), upon information and belief, is the parent company of FSI and is a Arizona corporation with its principal place of business located at 6263 North Scottsdale Road, Suite 200, Scottsdale, AZ 86250. FSI and AFGI shall collectively be referred to herein as "Fox."

## Jurisdiction

4. The jurisdiction of this Court is conferred by diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action took place in this judicial district.

## Factual Background

6. In or about December, 2008, Torch Hill and Fox began negotiations concerning Torch Hill's potential acquisition of FSI (the "Proposed or Potential Transaction"). The Proposed Transaction would ultimately include, based on a negotiated deal between the parties, consideration to the owners of FSI of fifteen million ($15,000,000) in upfront cash, a promissory note of four million ($4,000,000), assumption of one million ($1,000,000) of debt and a ten and one-half percent (10.5%) stock interest in the acquiring entity.

7. As part of the parties' negotiations, Fox and Torch Hill entered into a revised Letter of Intent dated August 17, 2009 (the "Revised LOI"). (See Exhibit A, attached hereto.) The Revised LOI amended and replaced, except as otherwise stated, the terms of the parties' original Letter of Intent dated March 9, 2009 (the "Original LOI"). The Revised LOI and Original LOI were both negotiated instruments between the parties and executed by Fox on behalf of its Chairman of the Board, Susan J. Fox.

8. The Revised LOI provides for Torch Hill's recovery of certain expenses in the event the Proposed Transaction was not consummated. Pursuant to the Revised LOI's "Expenses" provision, those recoverable expenses are "'Transaction Expenses' includ[ing] outside legal, accounting, and technology diligence fees and associated out of pocket expenses, reasonable travel expenses, as well as any pre-closing financing fees incurred by a party in connection with the Proposed Transaction." (Exhibit A at 4.)

9. The Revised LOI makes clear that the "Expenses" provision "will be fully binding" if the Proposed Transaction is not consummated by the parties. (Exhibit A at 5.)

10. The "Expenses" provision of the Revised LOI states that "[u]nless the Proposed Transaction is consummated, Fox will be liable for all Transaction Expenses up to $200,000 since March 20, 2009 as there has been a 'material adverse change' pursuant to the terms of the Original LOI." (Exhibit A at 5.)

11. The Proposed Transaction has not been and will not be consummated, and Fox's actions have shown no willingness to consummate the Proposed Transaction. As a result, Torch Hill is entitled to reimbursement of $200,000 in Transaction Expenses, which Torch Hill has incurred since March 20, 2009.

12. The "Expenses" provision of the Revised LOI further states that "[i]f, after accepting the Revised LOI, F[SI], AFGI or AFGI's shareholders choose not [to] consummate the Potential Transaction for any reason other than a material change by Torch Hill…F[SI] will reimburse Torch Hill for up to $200,000 in Transaction Expenses…" (Exhibit A at 4.) According to the Revised LOI, if the reason for not consummating the Potential Transaction is an "Adverse Fox Change" – a change defined as "any change or effect that is or could reasonably be expected to be materially adverse to the business, financial condition, results of operations or prospects of Fox" – Torch Hill is further entitled to a $200,000 reimbursement. (Exhibit A at 4.) The Revised LOI provides that an "Adverse Fox Change" is to be "determined by Torch Hill in its discretion." (Exhibit A at 4.)

13. An "Adverse Fox Change" has occurred here, in Torch Hill's contractually vested discretion, because, *inter alia*: (i) FSI has failed to provide its material corporate records in a manner that would enable Torch Hill to determine the shares of stock it was to acquire; (ii) co-mingling of assets and liabilities has occurred between FSI and AFGI and FSI and AFGI are run as one company; (iii) FSI has failed to comply with Section 409A of the Internal Revenue Code of 1986, as amended, and the regulations contemplated thereunder by the United States Internal Revenue Service, with respect to AFGI's Phantom Stock Plan, which issued various rights to FSI's employees and other incentive arrangements that are sponsored by the Fox Parties; (iv) FSI has failed to comply with applicable law regarding its 401(k) Plan and failed to fully-vest its 401(k) Plan participants; and (v) FSI's manipulation of its capital expenditures.

14. As a result of the above Adverse Fox Change, Torch Hill is further entitled to the $200,000 in Transaction Expenses that it has incurred since March 20, 2009.

15. On September 15, 2009, Torch Hill demanded reimbursement of $200,000 in Transaction Expenses from Fox pursuant to the Revised LOI. As of the date of this filing, Fox has failed and refused to pay any Transaction Expenses to Torch Hill, instead claiming that it is entitled to reimbursement of Transaction Expenses, which Torch Hill denies.

## Count I
### (Breach of Contract)

16. Torch Hill restates the allegations of paragraphs 1 through 15 of its Complaint as if fully set forth herein.

17. Fox has breached the Revised LOI by, *inter alia*, failing to reimburse and pay Torch Hill for $200,000 in Transaction Expenses that Torch Hill has incurred since March 20, 2009.

18. This act constitutes a material breach of the Revised LOI by Fox.

19. As a direct and proximate result of these breaches, Torch Hill has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Torch Hill Investment Partners, LLC respectfully requests that the Court enter judgment in its favor and award it the following relief:

1. Damages under Count I in the amount of at least $200,000, exclusive of interest, or such greater amount as shall be proved at trial; and

2. Such other and further relief as the Court deems just and proper, or as to which Torch Hill may show it is entitled at trial.

PLAINTIFF HEREBY DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

Dated: September 18, 2009

        TORCH HILL INVESTMENT PARTNERS, LLC

        By Counsel:

        HOLLAND & KNIGHT LLP

By:   Leo G. Rydzewski (D.C. Bar # 459979)
        2099 Pennsylvania Avenue, N.W.
        Suite 100
        Washington, D.C. 20006
        (202) 955-3000
        leo.rydzewski@hklaw.com

# 8835861_v1